**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CATHERINE LASORSA, et al., | CIVIL ACTION NO. 13-3776 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| RAJU KAJAKALIC POTMEN, et al., | |
| Defendants. | |

**THE PLAINTIFFS** (1) brought this action on June 19, 2013, to recover damages for personal injuries against the defendants, Raju Kajakalic Potmen and Bethlehem Technik, Inc. ("BTI"), and (2) assert jurisdiction under 28 U.S.C. § ("Section") 1332(a)(1). (See dkt. entry no. 1, Compl. at 1-2.) The Court intends to dismiss the Complaint without prejudice. See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss complaint if jurisdiction is lacking).

**THE PLAINTIFFS** fail to allege their own citizenship, as they merely allege that they are "residing" in Florida. (See Compl. at 1.) See McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegation as to mere residency is jurisdictionally inadequate in actions brought under Section 1332).

**THE PLAINTIFFS** also fail to allege Potmen's citizenship, as they merely allege that he "was" a "resident" of Pennsylvania when the incident underlying the action occurred. (See Compl. at 1.) Jurisdiction under Section 1332 is measured "against the state of

facts that existed at the time of filing", not when the cause of action arose, and thus an allegation concerning where a party "was" residing is inadequate. Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004). Furthermore, as noted above, allegations of mere residency are inadequate. See McNair, 672 F.3d at 219 n.4.

**THE PLAINTIFFS** also merely allege that "upon information and belief", BTI "is a Corporation with corporate offices located . . . in . . . Pennsylvania". (See Compl. at 2.) In an action brought under Section 1332, a citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties". Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999); see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006). Furthermore, assuming that BTI is indeed a corporation, the plaintiffs have failed to allege (1) the state in which BTI is incorporated, and (2) the state in which BTI has "its principal place of business". 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 559 U.S. 77, 80, 92-93 (2010); see also Media Duplication Servs. v. HDG Software, 928 F.2d 1228, 1236-37 (1st Cir. 1991) (stating allegation concerning corporation's "corporate offices" was "insufficient . . . in determining a corporation's principal place of business").

**THE PLAINTIFFS** have failed to show that complete diversity of citizenship exists here. See Lincoln Prop. Co. v. Roche, 546

U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant). Thus, the Court will dismiss the Complaint, but will do so without prejudice to the plaintiffs to – within thirty days – either (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see <u>Jaworowski v. Ciasulli</u>, 490 F.3d 331, 333-36 (3d Cir. 2007); <u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980), or (2) move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of each party. If the plaintiffs opt to move to reopen, then they do so at their own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**THE PLAINTIFFS** must submit proof demonstrating (1) which state they were citizens of specifically on June 19, 2013, (2) which state Potmen was a citizen of specifically on June 19, 2013, (3) that BTI was indeed a corporation on June 19, 2013, (4) the state in which BTI was incorporated and the state in which BTI had its principal place of business on June 19, 2013, and (5) that there is jurisdiction under Section 1332. The Court advises the plaintiffs that they must specifically assert citizenship as it existed on June 19, 2013.

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Complaint. The Court advises the plaintiffs that an allegation as to where any individual party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly invoke the Court's jurisdiction.  See <u>McCracken v. ConocoPhillips Co.</u>, 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); <u>Cruz v. Pennsylvania</u>, 277 Fed.Appx. 160, 162 (3d Cir. 2008).  The Court also advises the plaintiffs that an allegation based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Florida"), or a request for time to discern jurisdiction will result in denial of a motion to reopen, as the plaintiffs should have ascertained jurisdiction before choosing to bring the action in federal court.  As the plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  <u>CGB Occ. Therapy v. RHA Health Servs.</u>, 357 F.3d 375, 382 n.6 (3d Cir. 2004).  The plaintiffs' "lack of care in invoking the District Court's jurisdiction is regrettable".  <u>McNair</u>, 672 F.3d at 219 n.4.

**THE COURT** will issue an appropriate order and judgment.

                                                 <u>s/ Mary L. Cooper</u>
                                                 **MARY L. COOPER**
                                                 United States District Judge

Dated: June 21, 2013